UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ANGEL PEREZ, <br><br> Plaintiff, <br><br> v. <br><br> DARDEN RESTAURANTS, INC. and GMRI, INC., <br><br> Defendants. | CAUSE NO.: 4:25-CV-5-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Dismiss First Amended Complaint [ECF No. 19] brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons explained below, the motion is denied.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Angel Perez brings this action against his former employer Defendants Darden Restaurants, Inc. and GMRI, Inc., alleging that he was subjected to a hostile work environment because of his sex in violation of Title VII of the Civil Rights Act of 1964. Am. Compl., ECF No. 10. The Plaintiff alleges he was employed as a host at the Defendants' Cheddar's Scratch Kitchen and, during his six-week tenure, was subjected to lewd and lascivious acts, inappropriate statements of a sexual nature, and unlawful touching by various employees at the establishment. *Id.* 2. He alleges that these various incidents of a sexual nature contributed to a hostile work environment at Cheddar's. *Id.*

More specifically, the Plaintiff alleges that he was being trained by a co-worker, who is also gay, and the co-worker grabbed the Plaintiff from behind, taking his hand and going from one butt check to other. *Id*. He alleges that he also witnessed this co-worker pinching the bottoms

of female servers at Cheddar's, including Cassie Hiddle, "Livvy," and "Angelina." *Id.* 3. He alleges that when he reported the conduct to an assistant manager, the assistant manager replied that he would inform the general manager; however, the co-worker's actions did not change. *Id.* The Plaintiff alleges that the co-worker would remove his shirt while working in the kitchen and pull down his pants to show off his boxer underwear. *Id.*

He also alleges that he observed the word "bussy" written by a co-worker on the dry-erase board in the kitchen; he was aware the term referred to homosexual activity, combining the words "boy" and "pussy" to mean the "boy's pussy" or anus. *Id.* The Plaintiff alleges that the general manager knew the meaning of the word but allowed it to remain on the dry-erase board for one week. *Id.* Other sexually derogatory statements such as "Wet Pussy Wednesday" and "Thick Bitch Thursday" regularly appeared on a dry-erase board in the kitchen and office area. *Id.*; Am. Compl. Ex. A, ECF No. 10-1. The Plaintiff alleges that management was aware of the messages and allowed them to remain on the board throughout the workday. Am. Compl. 3. He alleges that multiple supervisors at the restaurant participated in and witnessed these events and that employees reported the inappropriate behavior to supervisors. *Id*. 4. The Plaintiff alleges that, despite their knowledge of these events, the Defendants failed to take any action to address the sexually hostile work environment. *Id*.

Prior to filing this lawsuit, the Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC). *Id.* The EEOC conducted a thorough investigation of the Plaintiff's allegations of a sexually hostile work environment and, on August 28, 2024, issued a Letter of Determination announcing that its investigation had revealed that "[the Plaintiff] and a class of employees were subjected to severe or pervasive unwelcomed sexual comments and touching by co-workers and managers." Am. Compl. Ex. B at 1, ECF No.

10-2; *see* Am. Compl. 5. The Letter of Determination stated that "there is reasonable cause to believe Respondent violated Title VII of the Civil Rights Act of 1964." Am. Compl. Ex. B at 1; *see* Am. Compl. 5. The EEOC's efforts to resolve this dispute were unsuccessful, and the Plaintiff received a Right to Sue notice issued by the EEOC on October 31, 2024. Am. Compl. 5. On January 23, 2025, the Plaintiff filed this lawsuit. Comp., ECF No. 1.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "It is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (cleaned up).

## ANALYSIS

To state a Title VII hostile work environment claim, the Plaintiff must allege that (1) he was subject to unwelcome harassment; (2) the harassment was based on his sex; (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability. *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018) (citation omitted).[1] In the motion to dismiss, the Defendants argue only that the Plaintiff's claim fails on the second prong because "the purportedly harassing behavior as alleged was indiscriminate and was experienced by both males and females." Mot. 2, ECF No. 19-1. The Defendants reason that the Plaintiff "has no actionable claim for hostile work environment because both males and females, regardless of sex, were allegedly exposed to the same environment in the same setting." *Id*. 5. In support, the Defendants describe the Plaintiff's Amended Complaint as alleging "that inappropriate behavior occurred in the restaurant generally" and that both males and females were exposed to the allegedly harassing behavior. *Id*. 6.

The Plaintiff responds that the Defendants have incorrectly summarized the allegations and that he has not alleged that both sexes were subjected to the same conduct. Resp. 3, ECF No. 25. The Plaintiff contends that his Amended Complaint sets out "the actions to which he was subjected" and that "at no point has he said that females were the victims of the same conduct and actions as was he." *Id*. 7. He argues that "[i]n the specific instances alleged . . . he makes no allegation that females experienced these same instances at all, let alone in the same way." *Id*. 9.

---

[1] Although the test is sometimes phrased differently, "looking instead for evidence that the workplace was both subjectively and objectively offensive," which is sometimes "in lieu of the first prong—that the employee was subject to unwelcome harassment—or the third prong —whether the harassment was severe or pervasive enough to rise to the level of a hostile work environment," the Seventh Circuit has said "the inquiry is the same." *Johnson*, 892 F.3d at 900 (citation omitted).

The Court finds that the Plaintiff has plausibly alleged that the alleged harassment was because of his sex to survive the instant motion to dismiss. Recall that the Plaintiff's Amended Complaint alleges that (1) a co-worker, who is also a homosexual male, grabbed the Plaintiff from behind, taking his hand and going from one butt cheek to the other; (2) the Plaintiff witnessed the same co-worker pinch the bottoms of several female servers at Cheddar's and, when the Plaintiff reported this, the co-worker's actions did not change; (3) the same co-worker would remove his shirt and pull down his pants to show off his boxer underwear while working in the kitchen; (4) the term "bussy," slang for male pussy, was written on the dry-erase board in the kitchen by a co-worker and the general management, who knew what the word means, allowed it to stay on the dry-erase board for a week; and (5) derogatory statements such as "Wet Pussy Wednesday" and "Thick Bitch Thursday" would appear on the dry-erase board. Notably, the Defendants do not quote or discuss any of these specific allegations in their motion or reply brief. The Plaintiff's description of his experiences, taken as true, are sufficient to plausibly allege that he experienced a hostile work environment because of his sex.

In support of their motion, the Defendants cite multiple cases standing for the proposition that there is no actionable claim for a hostile work environment where both males and females were exposed to the same harassment from the same individuals. None of the cases cited by the Defendants map on to the allegations in the Plaintiff's Amended Complaint. The Defendants first cite *Holman v. Indiana*, 211 F.3d 399 (7th Cir. 2000). In *Holman*, a male and a female jointly filed a lawsuit alleging that their supervisor had sexually harassed each of them individually and then retaliated against each of them for rejecting his advances. *Id.* at 400–01. There, the Seventh Circuit Court of Appeals affirmed the district court's holding that the plaintiffs had failed to state a claim "[b]ecause the complaint specifically and unequivocally claimed that the same supervisor

5

had been sexually harassing the male and female plaintiffs . . . and then had retaliated against each." *Id*. at 401. Here, the Plaintiff has not alleged that the same supervisor took the same actions against him and a female co-worker. As alleged, the Plaintiff's Amended Complaint makes specific allegations about harassment he faced from co-workers and managers because of his sex. He does not allege that his female co-workers experienced the exact same harassment from the exact same individuals.

The Defendants also cite *Pasqua v. Metropolitan Life Insurance Co.*, 101 F.3d 514 (7th Cir. 1996). *Pasqua* is distinguishable because it was decided on summary judgment, not on a motion to dismiss. And in any event, *Pasqua* misses the mark. In that case, a male filed a lawsuit under Title VII complaining that he was subjected to a hostile work environment when colleagues began to circulate rumors of an improper relationship between him and a female co-worker. *Id.* at 515–16. Pasqua asserted that he was subjected to a hostile work environment because of his sex due to the rumors and that he was demoted in retaliation for complaining about the rumors. *Id.* at 516. The district court granted summary judgment in favor of the defendant and the Seventh Circuit affirmed. *Id*. at 515. Discussing Pasqua's Title VII claim, the Seventh Circuit noted, "There is not even a hint in the record that any rumors or vulgar statements concerning an illicit relationship between Pasqua and Vukanic were made *because* Pasqua was a male." *Id*. at 517. The court continued, "By the very nature of such gossip, *both* Pasqua and Vukanic were made the subject matter as is evidenced by Vukanic being the first to utter a threat to sue over the matter." *Id*. In contrast to *Pasqua*, here the Plaintiff's Amended Complaint alleges a variety of harassing behavior the Plaintiff experienced and does not rely solely on an allegation that involves a member of the opposite sex being treated in the same manner.

6

It is true that the Amended Complaint mentions that both men and women working at Cheddar's were subjected to a hostile work environment. The Plaintiff alleges that he, along with numerous co-workers, experienced frequent sexually inappropriate conduct. However, as pointed out in his response brief, the Plaintiff does not allege that females working at Cheddar's experienced the same instances of sexually inappropriate conduct from the same employees and managers that he did.

The fact that both men and women are subjected to a hostile work environment at the same workplace, standing alone, is not enough to defeat a Title VII claim. *Adams v. Cook Cnty. Sheriff's Off.*, No. 23 C 1390, No. 23 C 2559, No. 23 C 3444, 2024 WL 263035, at *6 (N.D. Ill. Jan. 24, 2024) ("It is well established in the Title VII harassment context that both a male and female employee may bring hostile work environment claims against the same employer if they 'are in different settings, reporting to different supervisors, with different co-workers.'" (quoting *Venezia v. Gottlieb Mem'l Hosp., Inc.*, 421 F.3d 468 (7th Cir. 2005))). In *Venezia*, the Seventh Circuit overturned the district court's dismissal of a husband and wife's claim of a hostile work environment that took place at the hospital where they worked. 421 F.3d at 469. The court refused to extend the idea of the "equal opportunity harasser" from the individual harasser to the overall entity. *Id.* at 471. Finding that the district court erred in relying on *Holman* and *Pasqua* as a basis to dismiss the complaint, the court held that the husband and wife each successfully stated a hostile work environment claim against the hospital because they alleged separate instances of sexual harassment composed of different activities and actors. *Id.* at 471–73.

In their briefing, the parties discuss two other civil complaints filed in this Court by two of the Plaintiff's former co-workers at Cheddar's. *See Hiddle v. Darden Restaurants, Inc.*, No. 4:25-cv-3 (N.D. Ind.); *Manning v. Darden Restaurants, Inc.*, No. 4:25-cv-6 (N.D. Ind.). In each

7

case, the Plaintiff's co-worker asserts a claim for a hostile work environment based on sex. *See Hiddle*, 4:25-cv-3, ECF No. 10 at 1; *Manning*, 4:25-cv-6, ECF No. 11 at 1. The Defendants assert that these lawsuits support the dismissal of the Plaintiff's case and ask the Court to take judicial notice of them. In their reply brief, the Defendants argue, "The *Hiddle* and [*Manning*] Amended Complaints are appropriate for judicial notice as records . . . which indisputably allege that Ms. Hiddle and Mr. [Manning] experienced harassment by their supervisors or co-workers, just as [the Plaintiff] alleges." Reply 6, ECF No. 27. The Court takes judicial notice of these lawsuits to the extent their existence provides some context to understand the Plaintiff's claim. However, those complaints are not part of this litigation, and the Court will not decide whether the Plaintiff has stated a claim by referring to the allegations made by other plaintiffs. The allegations in those complaints have no bearing on whether the Plaintiff has stated a claim in this case. *See Adams*, 2024 WL 263035, at *5 (explaining that related but separate actions must be analyzed independently for purposes of Rule 12(b)(6)).

      The Court nevertheless briefly discusses the allegations of Ms. Hiddle's (a female co-worker) amended complaint to illustrate they are not the same as those of the Plaintiff's Amended Complaint. In her amended complaint, Ms. Hiddle, like the Plaintiff, asserts that a variety of harassing events took place during her time working at Cheddar's. Ms. Hiddle alleges that "a male co-worker would expose his bare chest and rub his nipples saying, 'Any boys deep throat ready.'" *Hiddle*, 4:25-cv-3, ECF No. 10 at 2. Ms. Hiddle further alleges that this co-worker would expose himself and bump into her and others. *Id*. Her amended complaint also alleges that "the manager of Cheddars would often call staff 'dumb sluts,' 'dumb whores,' and 'dumb bitches.'" *Id*. at 3. These specific allegations of harassment are different from the Plaintiff's and are not mentioned in his Amended Complaint. Of course, the Court is not

adopting or accepting any facts presented in Ms. Hiddle's amended complaint for the truth of the matter asserted. *See Carter v. Sturgeon*, 643 F. Supp. 3d 862, 865 (N.D. Ind. 2022) (explaining that, while a court may take judicial notice of public court documents, courts generally cannot take judicial notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable). The Court notes these allegations in Ms. Hiddle's amended complaint only to illustrate that, even if it were appropriate to assess the plausibility of the Plaintiff's Amended Complaint by reading it in tandem with Ms. Hiddle's, her allegations do not support a dismissal of the Plaintiff's Amended Complaint.

      The Plaintiff has filed a Motion to Strike a Portion of Defendant's Reply [ECF No. 28]. In the motion, the Plaintiff asks the Court to strike the Defendants' request for limited discovery, which was first raised in a footnote of the Defendants' reply brief. Reply briefs are for replying and not raising new arguments that could have been presented in the opening brief. *Porter v. Franciscan All., Inc.*, No. 1:22-cv-2131, 2024 WL 4198144, at *7 (S.D. Ind. Sept. 16, 2024). Thus, the Court refrains from considering the Defendants' request for limited discovery and would have done so without the motion to strike. *See United States v. Williams*, 85 F.4th 844, 849 (7th Cir. 2023) ("Just as undeveloped arguments are waived, so are arguments raised for the first time in reply briefs." (citation omitted)). Therefore, the Court denies as moot the motion to strike.

      Finally, the Plaintiff also recently filed a Motion for Leave to File Sur-Reply [ECF No. 31] seeking leave to file a sur-reply to assert four arguments. All the arguments are moot. First, the Plaintiff would ask the Court to deny the Defendants' request for limited discovery made in their reply brief. For the same reasons stated above, the request is moot. Second, the Plaintiff would argue that the Defendants' reference, based on evidence outside the record, to the Plaintiff

having the names of other potentially aggrieved Cheddar's workers through the EEOC investigation is inappropriate and wrong. Because that reference is not material to the Court's ruling, the request is moot. Third, the Plaintiff would argue that the Defendants make a new argument for the first time in their reply brief that the Plaintiff has failed to allege how the alleged harassment affected his job performance. Because as a matter of course the Court does not consider new arguments raised for the first time in a reply brief, the request is moot. *See Williams*, 85 F.4th at 849. Finally, the Plaintiff would argue that the Defendants make an assertion for the first time regarding the EEOC's findings. Again, because those facts are not material to this ruling, the request is moot. Therefore, the Court denies the motion.

At the motion to dismiss stage, all well-pled facts alleged in the complaint are taken as true and all reasonable inferences are drawn in the Plaintiff's favor. *Bell*, 835 F.3d at 738. Taking as true the well-pled facts of his Amended Complaint, the Plaintiff has plausibly alleged that he was harassed based on his sex as necessary to state a claim for a hostile work environment in violation of Title VII.

## CONCLUSION

The Court hereby DENIES the Defendants' Motion to Dismiss First Amended Complaint [ECF No. 19], DENIES as moot the Plaintiff's Motion to Strike Portion of Defendants' Reply [ECF No. 28], and DENIES the Plaintiff's Motion for Leave to File a Sur-Reply [ECF No. 31].

SO ORDERED on September 29, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
